UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIFFANY RICHARD,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 1:14-cv-03098-SAB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Before the Court for consideration is the Report and Recommendation of the Honorable Victor E. Bianchini, United States Magistrate Judge, entered October 26, 2015, ECF No. 20, recommending that Plaintiff's Motion for Summary Judgment, ECF No. 14, should be granted. Defendant filed objections to the Report and Recommendation, ECF No. 21, and Plaintiff responded, ECF No. 22. The Court has conducted a *de novo* review of the record and, as set forth below, adopts the Report and Recommendation and grants Plaintiff's Motion for Summary Judgment.

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. *Id.* When written objections have been filed, the district court

**ORDER ADOPTING REPORT AND RECOMMENDATION ~ 1**

is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where a party fails to object, however, a district court is not required to conduct "any review," *de novo* or otherwise, of the report and recommendations of a magistrate judge. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## PROCEDURAL FACTS

The facts of this case, including Plaintiff's medical history, are more fully set forth in the Report and Recommendation and are incorporated herein by reference. The following is a short summary of the case.

Plaintiff filed for Supplemental Security Income ("SSI") and Disability Insurance benefits ("DIB") in August, 2010. Her applications were denied. Plaintiff sought judicial review of the Commissioner's denial of benefits. On October 27, 2015, Magistrate Judge Bianchini issued a Report and Recommendation in which he recommended that Plaintiff's Motion for Summary Judgment be granted. ECF No. 20. Magistrate Judge Bianchini found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2012. ECF No. 20 at 10. He also found that the ALJ erred with regard to her assessment of Plaintiff's credibility for the following reasons: (1) the ALJ erroneously viewed Plaintiff's activities of daily living as inconsistent with her claims of disabling limitation; (2) the ALJ erroneously concluded that Plaintiff's ability to interact with familiar individuals on a structured basis contradicted her claim that she would be unable to manage the stress and social demands of regular work activity, even with the limitations identified by the ALJ; and (3) although the ALJ cited the fact that Plaintiff was discharged from a job because of dishonesty as a reason for discounting her credibility, there was no indication that Plaintiff was exaggerating her symptoms or malingering, and the ALJ should have considered the totality of the circumstances before discrediting Plaintiff on this ground. ECF No. 20 at 12-15.

**ORDER ADOPTING REPORT AND RECOMMENDATION ~ 2**

Magistrate Judge Bianchini concluded that the ALJ erred by discounting the DSHS evaluations; rather, the three evaluations conducted by M. Gabriela Mondragon, Christopher Clark, and Russell Anderson, which assessed marked limitations with regard to Plaintiff's ability to maintain appropriate behavior in a work setting, was "evidence that Plaintiff could not interact appropriately in a work setting." ECF No. 20 at 18 (quotation in original). Ultimately, Magistrate Judge Bianchini concluded that the ALJ did not properly assess the DSHS evaluators' opinions and the decision to discount the opinions was not supported by substantial evidence.

Magistrate Judge Bianchini found that while the ALJ erred in not considering Dr. Maicocco's report, the error was harmless, but found the ALJ's error in not considering Dr. Sanchez's report a reason for remand.

Finally, Magistrate Judge Bianchini remanded for a calculation of benefits because the treatment providers uniformly concluded that Plaintiff could not meet the demands of competitive work, even in a low-stress environment, and would have absentee issues that an employer would not accept. In doing so, he relied on the fact that the ALJ failed to provided legally sufficient reasons for rejecting the treating provider's, as well as Plaintiff's testimony, there were no outstanding issues that needed to be resolved, and the ALJ would be required to find Plaintiff disabled were such evidence credited.

Defendant timely filed objections to the Report and Recommendation. ECF No. 21. Defendant maintains the ALJ's credibility decision was adequately articulated and supported by sufficient evidence and Magistrate Judge Bianchini should have deferred to the ALJ's rational interpretation of the medical evidence. Finally, even if the Court finds the ALJ erred, it should decline to order an immediate award of benefits in this case.

///

///

**ORDER ADOPTING REPORT AND RECOMMENDATION ~ 3**

ANALYSIS

**1. The ALJ's credibility determination**

When there is no evidence of malingering, the ALJ must give specific, clear and convincing reasons for finding a claimant not credible. *Ghanim v. Colvin*, 764 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Where an ALJ improperly rejects a claimant's testimony regarding her limitations, and the claimant would be disabled were her testimony credited, the court should not remand solely to allow the ALJ to make specific findings regarding that testimony. *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2008). Rather, the testimony is credited as true as a matter of law. *Id.*

The Court adopts Magistrate Judge Bianchini's finding, along with his reasoning, that the ALJ made several credibility errors. Defendant argues the ALJ properly relied on the fact that Plaintiff had been fired for stealing money to find her less than credible, which meets the clear and convincing standard. The Court disagrees. Given the scope of the errors identified by Magistrate Judge Bianchini, and not contested by Defendant, the clear and convincing standard cannot be met. The errors in the ALJ's credibility assessment are not minor or harmless. In looking at the record as a whole, the credibility errors identified by Magistrate Judge Bianchini altered the outcome of the case, especially in light of the treatment providers' opinions that Plaintiff could not meet the demands of competitive work.

**2. Evaluation of the Medical Evidence**

The Court adopts Magistrate Judge Bianchini's evaluation of the medical evidence. Contrary to Defendant' assertion, Magistrate Judge Bianchini did not substitute his opinion for that of the fact finder. Defendant faults Magistrate Judge Bianchini for failing to acknowledge that Dr. Dove opined that Plaintiff would probably not miss work. As Plaintiff points out, Dr. Dove treated Plaintiff for physical impairments. Here, the ALJ did not find any severe physical impairment;

**ORDER ADOPTING REPORT AND RECOMMENDATION ~ 4**

rather, it is clear from the record that Plaintiff suffers from mental health impairments. Consequently, the ALJ erred in failing to incorporate Dr. Billings' limitations into the RFC, as well as failing to mention Dr. Sanchez' report.

**3.      Award of Immediate Benefits**

The Court adopts Magistrate Judge Bianchini's reasoning and ultimate conclusion that the three *Garrison* factors have been met. *See Garrison v.* Colvin, 759 F.3d 995, 1019-21 (9th Cir. 2014). As such, the correct remedy in this case is a remand for an immediate award of benefits.[1]

Accordingly, **IT IS HEREBY ORDERED:**

1. The Court **adopts** the Report and Recommendation issued by Magistrate Judge Bianchini, ECF No. 20.

2. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **GRANTED**.

3. Defendant's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

4. The decision of the Commissioner denying benefits is **reversed** and remanded for an award of benefits.

5. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

//
//
//
//
//
//
//
//

---

[1] As Plaintiff points out, Magistrate Judge Bianchini did not rely on Dr. Sanchez's report to recommend a remand for an immediate award of benefit.

**ORDER ADOPTING REPORT AND RECOMMENDATION ~ 5**

1  **IT IS SO ORDERED.** The District Court Executive is hereby directed to
2  file this Order and provide copies to counsel.
3  **DATED** this 4th day of January, 2016.

                                          Stanley A. Bastian
                                    United States District Judge

**ORDER ADOPTING REPORT AND RECOMMENDATION ~ 6**